RE: LEGISLATIVE CODE OF ETHICS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 14, 1989. IN THAT THE AREA OF THE LAW THAT YOU INQUIRE ABOUT IS RELATIVELY SETTLED, HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMATIONAL LETTER.
TITLE 74 O.S. 4246 (1988) SETS FORTH THE LEGISLATIVE CODE OF ETHICS, AND PROVIDES, IN PART:
"NO LEGISLATOR SHALL:
 (A) INTRODUCE, PROMOTE OR VOTE FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION ON HIS OWN BEHALF, OR ON BEHALF OF ANY OTHER PERSON, CORPORATION, PARTNERSHIP, TRUST OR BUSINESS ENTITY WHICH DIRECTLY AFFECTS SUCH LEGISLATOR OR IN WHICH SUCH LEGISLATOR HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTERESTS OTHER THAN LEGISLATION AFFECTING LEGISLATIVE SALARIES, EXPENSES AND ALLOWANCES; PROVIDED, THAT THIS PROVISION SHALL NOT PRECLUDE A LEGISLATOR FROM INTRODUCING, PROMOTING OR VOTING FOR ANY PROPOSED GENERAL LEGISLATION WHICH DIRECTLY AFFECTS HIM OR IN WHICH HE HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTEREST;
* * * * *
 (E) SELL OR CAUSE TO BE SOLD, RENT OR LEASE EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS, SERVICES, BUILDINGS OR PROPERTY TO ANY STATE AGENCY EXCEPT BY CONDEMNATION OR THREAT OF CONDEMNATION;
* * * * *
 (H) RECEIVE OR AGREE TO RECEIVE COMPENSATION FOR REPRESENTING OR ASSISTING ANY PERSON OR BUSINESS IN ANY TRANSACTION, FIRM, CORPORATION OR ENTITY FOR A FEE BEFORE ANY STATE DEPARTMENT, AGENCY, BOARD OR COMMISSION. THE PROVISIONS OF THIS PARAGRAPH SHALL NOT:
1. APPLY TO THE PRACTICE OF LAW BEFORE ANY COURT; OR
 2. PRECLUDE A MEMBER OF THE LEGISLATURE FROM ACTING ON BEHALF OF A CONSTITUENT TO DETERMINE THE STATUS OF A MATTER BEFORE A STATE DEPARTMENT, AGENCY, BOARD, COMMISSION, INSTITUTION OR INSTRUMENTALITY WITHOUT ACCEPTING COMPENSATION THEREFOR;"
FAILURE TO COMPLY WITH THE TERMS OF SECTION 4246 IS GROUNDS FOR PUBLIC OR PRIVATE REPRIMAND, CENSORING OR REMOVAL FROM OFFICE. 74 O.S. 4247 (1988). ALSO FACTORING INTO THE PICTURE ARE THE TERMS OF ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION, WHICH STATE:
(TEXT OF CONSTITUTIONAL ARTICLE)
SIMILARLY, ARTICLE V, SECTION 24 OF THE OKLAHOMA CONSTITUTION STATES:
(TEXT OF CONSTITUTIONAL LAW)
HISTORICALLY, THE ATTORNEY GENERAL HAS CONSTRUED THE TERMS OF THESE VARIOUS PROVISIONS OF LAW QUITE BROADLY. FOR EXAMPLE, IN A.G. OP. NO. 80-301, THE ATTORNEY GENERAL REVIEWED A PREDECESSOR VERSION OF 74 O.S. 4246, WHICH AT THAT TIME STATED THAT MEMBERS OF THE LEGISLATURE COULD HAVE INTERESTS IN CONTRACTS WITH AGENCIES OF THE STATE, IF SUCH CONTRACTS WERE PRECEDED BY COMPETITIVE BIDDING OVERSEEN BY THE OFFICE OF PUBLIC AFFAIRS. THE ATTORNEY GENERAL RULED THAT THE PORTIONS OF THE STATUTE THAT AUTHORIZED CONTRACTS IF PRECEDED BY COMPETITIVE BIDDING WAS UNCONSTITUTIONAL, DUE TO THE BROAD PROHIBITIONS CONTAINED IN ARTICLE V, SECTION 23. THE OPINION STATED:
 "OKLA. CONST., ARTICLE V, SECTION 23 IS AN ABSOLUTE AND IMPERATIVE BAR AGAINST ANY MEMBER OF THE LEGISLATURE HAVING A DIRECT OR INDIRECT INTEREST IN A CONTRACT FOR WHICH HE WAS ELECTED OR FOR A PERIOD OF TWO YEARS THEREAFTER."
WHEN THE STATE ETHICS ACT WAS ADOPTED, THE PORTIONS OF THE LAW AUTHORIZING CONTRACTUAL INTERESTS WITH STATE AGENCIES AFTER COMPETITIVE BIDDING WERE DELETED.
THE LANGUAGE OF 74 O.S. 4246(E) TALKS IN TERMS OF "SUBSTANTIAL FINANCIAL INTERESTS" THAT A MEMBER OF THE LEGISLATURE MIGHT HAVE. THE OPINIONS THAT HAVE DISCUSSED THIS TERM HAVE GENERALLY DEALT WITH SITUATIONS WHERE THE LEGISLATIVE MEMBER, OR HIS OR HER SPOUSE, HAD A PART OWNERSHIP INTEREST IN A BUSINESS SEEKING TO CONTRACT WITH THE STATE. SEE, A.G. OPIN. NO. 81-129.
THE TERM "INDIRECT INTEREST", SUCH AS USED IN ARTICLE V, SECTION 23, HAS SIMILARLY BEEN VERY LIBERALLY CONSTRUED BY THE ATTORNEY GENERAL THROUGH THE YEARS. IN ATTORNEY GENERAL OPINION NO. 80-212, THE ATTORNEY GENERAL ADVISED:
 " . . . PUBLIC POLICY IS CONTRAVENED WHEN A PUBLIC OFFICIAL PLACES HIMSELF IN A POSITION WHICH IS INCONSISTENT WITH HIS PUBLIC FUNCTION OR WHICH INTERFERES WITH HIS UNBIASED PERFORMANCE OF HIS DUTIES OR HAS A TENDENCY TO INDUCE HIM TO VIOLATE SUCH DUTY REGARDLESS OF WHETHER IT CAN BE SHOWN THAT THE PUBLIC ACTUALLY SUFFERED ANY DETRIMENT."
IN ATTORNEY GENERAL OPINION NO. 79-202, IT WAS OPINED:
 "A MEMBER OF A WATER BOARD IS "INDIRECTLY INTERESTED" IN A CONTRACT LET BY THE BOARD WHEN A MEMBER HAS OR IS LIKELY TO HAVE A PECUNIARY OR PERSONAL INTEREST IN THE CONTRACT WHICH INTEREST IS LIKELY OR WOULD TEND TO INTERFERE WITH THE MEMBER'S OBJECTIVE PERFORMANCE OF HIS PUBLIC DUTY.
SIMILARLY, IN ATTORNEY GENERAL OPINION NO. 81-129, THE ATTORNEY GENERAL, QUOTING FROM OKLAHOMA NATIONAL BANK V. RECONSTRUCTION FINANCE CORPORATION, 127 F.SUPP. 156 (W.D. OKLA. 1951), STATED:
 " . . . (T)HE WORD INDIRECTLY . . . INCLUDES ALL METHODS OF DOING THE PROSCRIBED THING."
THAT OPINION CONCLUDED THAT FOR THE SPOUSE OF A MEMBER OF THE LEGISLATURE TO OWN IN WHOLE OR PART A COMPANY THAT RECEIVES A STATE CONTRACT WOULD BE AN IMPERMISSIBLE CONFLICT OF INTEREST UNDER ARTICLE V, SECTION 23 FOR THE LEGISLATOR IF EITHER THE COMPENSATION DERIVED BY THE COMPANY OR THE CONTRACT WHICH GENERATES SUCH BUSINESS IS FUNDED IN WHOLE OR PART BY APPROPRIATIONS FROM THE OKLAHOMA LEGISLATURE.
THE GENERAL RULE ENUNCIATED IN THESE OPINIONS CERTAINLY IS NOT A NEW ONE. IN ATTORNEY GENERAL OPINION NO. 63-370, IT WAS CONCLUDED:
 "(B) NO MEMBER OF THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER IS ENTITLED TO DERIVE, DIRECTLY OR INDIRECTLY, ANY PECUNIARY BENEFIT FROM APPROPRIATIONS MADE BY A LEGISLATURE OF WHICH HE WAS A MEMBER, REGARDLESS OF WHETHER OR HOW HE VOTED THEREON."
GIVEN THE STRONG STATEMENTS ENUNCIATED BY THE ATTORNEY GENERAL THROUGH THE YEARS IN CONSTRUING THE TERMS OF ARTICLE V, SECTION 23 AND ARTICLE X, SECTION 11, IT IS REALLY QUITE SETTLED THAT A MEMBER OF THE LEGISLATURE, EXCEPT POSSIBLY IN THE INSTANCE WHERE PROPERTY OWNED BY SUCH A PERSON IS THE SUBJECT OF AN INVOLUNTARY CONDEMNATION PROCEEDING BROUGHT BY THE STATE, IS ABSOLUTELY PROHIBITED FROM ENGAGING IN ANY CONTRACTUAL RELATIONSHIP WITH THE STATE, DIRECTLY OR INDIRECTLY, DURING THE TIME PERIOD THAT HE OR SHE IS IN OFFICE, AND FOR A PERIOD OF TWO YEARS THEREAFTER.
(MICHAEL SCOTT FERN)